## DEVERE v. DELAWARE, L. & W. R. CO.

(Circuit Court, D. New Jersey. March 27, 1894.)

FOREIGN CORPORATIONS—SERVICE OF PROCESS.

Section 88 of the New Jersey corporation act authorizes service to be made upon foreign corporations by serving any "officer, director, agent, clerk, or engineer" thereof. *Held*, that the word "engineer" includes a railroad locomotive driver.

This is an action by one Devere against the Delaware, Lackawanna & Western Railroad Company. Heard on motion to quash the writ of summons for irregular service.

Wm. D. Tyndall, for plaintiff.
Bedle, McGee & Bedle, for defendant.

GREEN, District Judge.  The writ of summons in this case was served by the marshal upon John English, an engineer in the employment of the defendant company, a foreign corporation.  The service was made under section 88 of the corporation act of this state.  That section provides that:

"In all personal suits or actions hereafter brought in any court of this state against any foreign corporation or body corporate, not holding its charter under the laws of this state, process may be served upon any officer, director, agent, clerk or engineer of such corporation or body corporate either personally or by leaving a copy thereof at the dwelling house or usual place of abode of such officer, director, agent, clerk or engineer, or by leaving a true copy of such process at the office, depot or usual place of business of such foreign corporation or body corporate.  And such service shall be good and valid to all intents and purposes."

It is contended on the part of the defendant that the word "engineer," as used in this section, does not include "engineers in charge of locomotives," or "engine drivers," but is confined to those persons who are skilled in the principles and practice of the art of "engineering;" that is, the planning and constructing of roads, bridges, railroads, canals, aqueducts, machinery, and other similar works.  The argument is that it was the intention of the legislature to direct service of process against a foreign corporation to be made upon some one who was directly interested in the management or operation of the company, and not upon a mere employé, whose duty would not include that of notifying the company of service upon him of civil process.  This argument is undoubtedly very persuasive, but I cannot assent to its conclusiveness.  The word "engineer," as used in this act, must be given its usual and commonplace meaning.  It is defined in the "Century Dictionary" as "an engine driver; one who manages an engine; a person who has charge of an engine and its connected machinery." This definition is quite broad enough to include the employé of the defendant corporation upon whom process was served in the present suit.  He was admittedly in charge of and was managing a "locomotive engine" of the defendant, and was one of its "engineers."  Clearly, he was of that class of employés of a foreign corporation upon whom service of process against the corporation could be made under the act in question.  An argument in favor of this construction of the act could be founded, perhaps, upon the sequence of the persons liable to service of process as stated in the act itself.  Such service should be made, if possible, at first upon an "officer" of the corporation representing the "executive department;" secondly, upon a "director," representing the "management;" thirdly, upon an "agent," representing fairly the "business department;" fourthly, upon a "clerk;" and, lastly, upon an "engineer,"— together representing the body of employés.  It will be noticed that there seems to be a sliding scale, so far as the power, responsibility, and duties of the person selected for service of process are concerned.  If this be true in fact, it would seem that an "en-

gineer," who, it is insisted by the counsel for defendant, must be an "officer," as intended by the act in question, and not simply an employé, would have been placed before a mere "clerk" in the list. The motion to quash is refused.